UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| ROBERT HEYWOOD, | ) | CASE NO. 1:17CV1806-JRA |
| --- | --- | --- |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| -vs- | ) ) ) | **MEMORANDUM OF OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **AND ORDER** |
| Defendant. | ) ) | |

An Administrative Law Judge ("ALJ") denied Plaintiff Robert Heywood's claim for Disability Insurance Benefits ("DIB") following a hearing. The ALJ's decision became the final decision of the Commissioner after the Appeals Counsel denied Plaintiff's request for review. The claimant sought judicial review of the Commissioner's decision, and the case was referred to Magistrate Judge David A. Ruiz for preparation of a Report and Recommendation ("R&R") pursuant to 42 U.S.C. §1383(c)(3), 42 U.S.C. §405(g), and Local Rule 72.2(b)(1). The Magistrate Judge submitted an R&R that recommends this Court affirm the final decision of the Commissioner. Doc. 15. Plaintiff filed an objection, and Defendant filed a response. Docs. 17, 18. For the following reasons, the Court hereby overrules the objection and ADOPTS the report and recommendation of the Magistrate Judge.

The R&R adequately states the factual and procedural background of this case. Because Plaintiff has not demonstrated error in that background, the Court will not reiterate it herein.

1

## I. STANDARD OF REVIEW

When a magistrate judge submits an R&R, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. §636(b). Objections to the R&R must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The Court's review of the decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam)).

If substantial evidence supports the ALJ's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (*citing Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d

1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

## II. LAW AND ANALYSIS

Here, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, at any time from the onset date through the date last insured. Plaintiff filed a single objection, arguing that the ALJ's decision was not supported by substantial evidence. Doc. 17. Specifically, Plaintiff argues that the ALJ, and the thus the Magistrate Judge, erred in not according controlling weight to the opinion of Plaintiff's treating physician, Dr. Cohen. *Id.*, p. 1. Plaintiff's sole objection is that "[t]he Magistrate should have found that the ALJ's decision to assign only 'little weight' to Dr. Cohen's opinion about Plaintiff's standing/walking limitations [is] not supported by substantial evidence." Doc. 17, p. 2.

Dr. Cohen, Plaintiff's treating physician, is a physician at the Veteran's Administration. Dr. Cohen opined that, given the degenerative disc disease in Plaintiff's hips, Plaintiff is unable to stand or walk more than two hours in an eight hour workday. Plaintiff contends that this restriction alone prevents him from performing the demands of light work.

The Commissioner's regulations and rulings address the manner in which an ALJ must consider medical opinion evidence, including opinions submitted by treating physicians. *See* 20 C.F.R. 404.1527; Social Security Ruling (SSR) 96-2p. The regulations state that a treating physician's opinion is due "controlling weight" only if that opinion is "well-supported by

medically acceptable laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *Id.* If the opinion cannot be given controlling weight, the ALJ is required to provide "good reasons" for discounting the weight given to a treating source opinion. *Id.* Treating source medical opinions that are not entitled to controlling weight are weighed using factors set forth in 20 C.F.R. Section 404.1527 and 416.927. *Blakely v. Commissioner of Social Security Admin.*, 581 F.3d 399, 408 (6th Cir. 2009).

Plaintiff's arguments that the ALJ failed to give good reasons for discounting Dr. Cohen's opinion regarding Plaintiff's standing/walking limitations are not well-taken. *See* Doc. 17. The ALJ provided "good reasons" for not according controlling weight to Dr. Cohen's opinion, just as the law requires.

First, the ALJ noted that the limitations proposed in Dr. Cohen's January 4, 2016 letter and accompanying physical residual functional capacity ("RFC") form are contradictory. Dr. Cohen's letter suggests that Plaintiff was limited to sedentary work, but her RFC statement completed at the same time says he can perform medium work. Although Dr. Cohen completed the physical RFC form by circling a restriction for a maximum ability of "about [two] hrs" walking during an eight hour workday, Dr. Cohen also indicated in the same form that Plaintiff could lift/carry twenty pounds "frequently" and fifty pounds occasionally. As the Magistrate pointed out, the form clearly defines "frequently" as being from one third to two thirds of an eight hour workday, or from two to six hours. Similarly, Social Security Ruling ("SSR") 83-10 defines "[f]requent" as occurring from one-third to two-thirds of the time." 1983 WL 31251 at *6 (S.S.A. 1993). "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday," both the full range of light and medium work "requires standing or walking, off and on, for a total of approximately [six] hours of an [eight hour] workday." *Id.* Dr. Cohen indicated that Plaintiff could only stand

4

about two hours in an eight hour day, but also opined that Plaintiff could frequently carry 20 pounds, which necessarily involves the ability to stand/walk up to six hours (up to 2/3 of the workday). Thus, the ALJ's conclusion that Dr. Cohen contradicts herself is supported.

Moreover, the ALJ appropriately found troubling the express language of Dr. Cohen's letter written on the same day she completed the RFC form. Dr. Cohen wrote:

> I find [Plaintiff's] complaints of pain to be reasonable. Given his condition of degenerative joint disease of both hips, it is acceptable to assume standing and walking more than two hours in an eight-hour shift will significantly increase his pain as well as lifting more than ten pounds.

(Tr. 784.) The ALJ identified justifiable concerns that Dr. Cohen's opinion was based, "at least in part," upon Plaintiff's subjective reports of pain and "upon asserted assumptions rather than medical findings[,]" because Dr. Cohen's letter indicated Plaintiff's "complaints of pain [were] reasonable" and it was "acceptable to assume" that a two hour standing limitation was justified. (Tr. 784.) The ALJ's interpretation of the letter, that Dr. Cohen at least in part based her opinion on Plaintiff's subjective complaints of pain, is a reasonable interpretation.

Courts – including the Sixth Circuit – have found that a physician's opinion may be given less than controlling weight when it is premised to a large extent upon the claimant's own accounts of his symptoms and limitations, and the plaintiff's complaints have been properly discounted. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004) (finding that the ALJ did not err by disregarding the opinion of a treating physician where the limitation in question appeared to be based not upon his own medical conclusion, but upon the conclusion of a different doctor and the claimant's self-assessment); *Tate v. Comm'r of Soc. Sec.*, 467 Fed. App'x 431, 433 (6th Cir. 2012) (the ALJ did not err in discounting a treating physician opinion when there were substantial gaps in treatment and the doctor's assessment appeared to be based on claimant's

5

subjective complaints without clinical support); *Reinertson v. Barnhart*, 127 F. App'x 285, 290 (9th Cir. 2005). In this case, the ALJ determined that Plaintiff's alleged limitations were not entirely credible. This determination is entitled to considerable deference, and has not been challenged by Plaintiff. Accordingly, it was not unreasonable for the ALJ to discount a treating physician opinion that relied upon Plaintiff's own reports of his symptoms.

Plaintiff also objects that "[t]he ALJ does not assign controlling weight because Dr. Cohen is not a specialist." Doc. 17, p. 4. However, there is nothing improper in the ALJ considering Dr. Coehn's lack of specialization when weighing her opinion. As the Magistrate recognized, the regulations concerning the evaluation of opinion evidence, for claims filed before March 27, 2017, specifically lists "specialization" as one of the factors to consider. 20 C.F.R. 404.1527(c)(5). Further, the Court need not decide whether the lack of specialization standing alone would constitute sufficient good reason for the ALJ to reject the standing/walking limitation, because the lack of specialization was not the sole basis for the ALJ's ruling.

For the afore-stated reasons, the Court finds that the ALJ gave good reasons for not assigning controlling weight to the standing/walking limitation assessed by treating physician Dr. Cohen, and that the ALJ's opinion is supported by substantial evidence. Plaintiff's sole assignment of error is therefore overruled.

**III.     CONCLUSION**

Based upon the reasons stated herein, the Plaintiff's objection to the Magistrate Judge's Report and Recommendation is OVERRULED. Accordingly, the report and recommendation of the Magistrate Judge is hereby ADOPTED, and the Commissioner's final decision is AFFIRMED..

**IT IS SO ORDERED.**

DATE: 9/21/18                                          __s/John R. Adams_____
                                                                  JOHN R. ADAMS
                                                                  UNITED STATES DISTRICT JUDGE